IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                                          21-CR-127-V

WILLIAM FUGATE,

                              Defendant.

_____

## PLEA AGREEMENT

The defendant, **WILLIAM FUGATE**, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.     THE PLEA AND POSSIBLE SENTENCE

1.     The defendant agrees to waive indictment and plead guilty to a one-count Superseding Information which charges a violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute, and distribution of, 50 grams or more of methamphetamine), for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a fine of $10,000,000, a $100 special assessment, and a term of supervised release of 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.      The government agrees that an information pursuant to Title 21, United States Code, Section 851 will not be filed with respect to the charge in the Superseding Information.

3.      The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c) and Sentencing Guidelines § 5E1.1(d).

4.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentencing of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.     ELEMENTS AND FACTUAL BASIS

5.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.      the defendant possessed a controlled substance;

b.      the defendant knew he possessed a controlled substance;

c.      the defendant intended to distribute, or distributed, a controlled substance; and

d.      the offense involved at least 50 grams or more of methamphetamine.

## FACTUAL BASIS

6.      The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

a.      Beginning in or around March 2021, the Lackawanna Police
Department ("LPD") and the Federal Bureau of Investigation ("FBI")
conducted an investigation into the narcotics trafficking activities of the
defendant.   In the course of the investigation, law enforcement
developed information that the defendant was staying at, and using, 619
Northumberland Avenue, Buffalo, New York, as a base of operations
for part of his narcotics trafficking activities.  Law enforcement then
obtained a search warrant for 619 Northumberland Avenue, Buffalo,
New York.

b.      On May 6, 2021, law enforcement, including agents from LPD and FBI,
executed the search warrant at 619 Northumberland Avenue, Buffalo,
New York.  Law enforcement officers found the defendant and his
girlfriend in the main bedroom of the home.  Law enforcement later
searched the main bedroom and recovered a closed black safe, a white
purse containing money, small bags containing small amounts of
methamphetamine and cocaine, a digital scale with residue, and
personal paperwork with defendant's name on it.

c.      Law enforcement also recovered eight thousand five hundred and
twenty-seven dollars ($8,527) in U.S. Currency from inside the main
bedroom.

d.      Law enforcement used a key on defendant's keychain to open the black
safe.  Inside the safe was a large freezer bag containing approximately
13 ounces of methamphetamine, a plastic spoon with residue, and a
bottle of cutting agent for preparing narcotics for sale.

e.      The substance found in the black safe was submitted to the Erie County
Central Police Services Forensic Laboratory for analysis.   The lab
reported that the substance tested positive for methamphetamine and
weighed a total of 370.4 grams.   Law enforcement subsequently
submitted the same item for further analysis at the DEA Laboratory for
purity analysis.   The DEA Laboratory analysis showed that the
substance seized from the black safe was 98 percent pure
methamphetamine, and the total weight of pure methamphetamine was
362.6 grams.

f.      Defendant admits that he was engaged in the possession with intent to
distribute and distribution of methamphetamine and that he sold

methamphetamine for $750 per ounce. Converting the recovered $8,527 in U.S. currency, at approximately $750/ounce of methamphetamine, is the equivalent of approximately 11 ounces (308 grams) of a mixture or substance containing methamphetamine.

g. The defendant admits that he maintained 619 Northumberland Avenue, Buffalo, New York, for the purpose of manufacturing, storing, and distributing methamphetamine.

h. The defendant admits that at least 3,000 KG but less than 10,000 KG of converted drug weight is the amount involved in his relevant conduct encompassed in the Superseding Information, and that this amount could be readily proven by the government against him.

## III.   SENTENCING GUIDELINES

7.     The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

8.     The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(4) apply to the offense of conviction and provide for a base offense level of **32**.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

9.     The government and the defendant agree that the following specific offense characteristic does apply: the two-level increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining a premises to manufacture or distribute a controlled substance).

### ADJUSTED OFFENSE LEVEL

10.    Based on the foregoing, it is presently the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **34**.

4

## ACCEPTANCE OF RESPONSIBILITY

11.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two-level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one-level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **31**.

## CRIMINAL HISTORY CATEGORY

12.     It is the understanding of the government and the defendant that the defendant's criminal history category is **III**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.   The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

13.     It is the understanding of the government and the defendant that with a total offense level of **31** and criminal history category of **III**, the defendant's sentencing range would be a term of imprisonment of **135** to **168** months, a fine of **$30,000 to $5,000,000**, and a period of supervised release of **5** years.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and the maximum penalties set forth in ¶ 1 of this agreement.

14.     Notwithstanding the above calculations, it is the agreement of the parties, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that a two-level downward departure to a total offense level **29** and a sentencing range for imprisonment **between 120 and 135 months** is appropriate upon consideration of the factors set forth in Title 18, United States Code, 3553(a).  If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty.  This agreement does not affect the amount of a fine, or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

15.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

16.     In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.     STATUTE OF LIMITATIONS

17.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further

agrees not to assert the statute of limitations as a defense to any other federal criminal offense, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    REMOVAL

18.    The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.    GOVERNMENT RIGHTS AND RESERVATIONS

19.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.     oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

20.     At sentencing, the government will move to dismiss the Indictment against this defendant.

21.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.   APPEAL RIGHTS

22.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range of imprisonment of **135** to **168** months, a fine of **$30,000 to $5,000,000**, and a period of supervised release of **5** years, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves its right to argue the correctness of the defendant's sentence.

23.     The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range of imprisonment of **135** to **168** months, a fine of **$30,000 to $5,000,000**, and a period of supervised release of **5** years, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.


## VIII.     FORFEITURE PROVISIONS

25.     As a condition of the guilty plea, the defendant agrees not to contest any administrative forfeiture proceeding that may be brought by the United States and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 21, United States Code, Section 853, which was or is in the possession and control of the defendant or the defendant's nominees. That property includes:

**CURRENCY:**

The sum of $8,527 United States Currency seized by law enforcement on or about May 6, 2021 from 619 Northumberland Avenue, Buffalo, New York.


26.     The defendant also agrees that the currency listed above is properly forfeitable to the United States pursuant to Title 21, United States Code, Section 853, and is proceeds of the offense of conviction and/or was used to facilitate the offense of conviction. The defendant agrees to fully assist the government in the forfeiture of the aforementioned

property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, as deemed necessary by the government. In addition, the defendant agrees not to contest the forfeiture of the property referred to above in any ancillary proceeding and will not file any petitions or claims with regard to the aforementioned property and will not assist any third parties in the filing of any petitions or claims in any ancillary proceeding.

27.     After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of any property under this agreement shall not be treated

as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

28.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

29.     The defendant agrees that the above-described property is subject to forfeiture and waives all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property.

30.     The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture survives and shall be given full force and effect.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

31. This plea agreement represents the total agreement between the defendant, **WILLIAM FUGATE**, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY:  _____
EVAN K. GLABERSON
Assistant United States Attorney

Dated:  March 22, 2023

I have read this agreement, which consists of pages 1 through 12.  I have had a full opportunity to discuss this agreement with my attorney, Cheryl Myers Buth, Esq.  I agree that it represents the total agreement reached between me and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____
WILLIAM FUGATE
Defendant

Dated:  March 12, 2023

_____
CHERYL MYERS BUTH
Attorney for the Defendant

Dated:  March 22, 2023

12